# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Civil Action No._____ |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT** |
| v. | |
| IMAGESELECT B.V., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Michael Grecco Productions, Inc. ("***Plaintiff***"), by its undersigned attorneys, Duane Morris LLP, brings this suit against Defendant, Imageselect B.V. ("***Defendant***"), and for its Complaint alleges as follows:

## NATURE OF THE ACTION

1.  This is a case of willful copyright infringement and false application of copyright management information, in violation of 17 U.S.C. §§ 106, 501, and 1202, involving one thousand four hundred and forty-nine (1,449) photographic images. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2.  Plaintiff Michael Grecco Productions, Inc. is a photography and film studio owned and operated by photographer Michael Grecco. Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc. Plaintiff is incorporated in California and has a principal place of business located at 3103 17th Street, Santa Monica, California 90405.

3.  Upon information and belief, Defendant Imageselect, B.V. is a Netherlands based limited liability company with a principal place of business located at 107 Lange Kerkdam, 2242

BT, Wassenaar, The Netherlands. Defendant is an on-line photograph licensing company that owns, operates and controls the website found at the URL http://www.imageselect.eu ("**Website**"), where Defendant reproduces, displays, distributes, and purports to offer license rights to photographic images and other content.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States, including violation of the Digital Millennium Copyright Act, over which this Court has jurisdiction pursuant to 17 U.S.C. § 101 *et seq.*; 17 U.S.C. § 1202; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because, among other things, Defendant regularly conducts business transactions in the United States, purposefully directs business operations to obtain and maintain sales within the United States, and purposefully entered a long-term contractual relationship with a business located within this Judicial District within the State of Florida which ultimately gave rise to the claims asserted in this lawsuit. Further, the Defendant has committed federal statutory violations in this judicial district, including copyright infringement, which has caused harm to the Plaintiff in this Judicial District.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director. Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for

numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

8. In 2012, Plaintiff entered into an Exclusive Contributor Agreement and a Non-Exclusive Contributor Agreement (collectively, the "*Agreements*") with Superstock. By way of the Agreements, Plaintiff granted limited licenses to certain copyrighted material in Plaintiff's portfolio to Superstock. The Agreements authorized Superstock to perform its licensing obligations through specified agents referred to in the Agreements as "Third Party Distributors."

9. Pursuant and subject to the limited rights set forth in the Agreements, Plaintiff provided approximately 1,700 copyrighted images to Superstock on a hard drive and subsequently provided additional copyrighted images to Superstock by electronic transmission through Superstock's FTP (collectively, the "*Copyrighted Works*").

10. On information and belief, Defendant, entered and maintained an agreement with SuperStock, pursuant to which SuperStock provided access to and/or copies of photographic images and other materials to which SuperStock claimed distribution rights for copying, display and distribution on, by and through Defendant's Website and Defendant maintained some portion of the revenue received from users who paid to download copies of the images from the Website.

11. Pursuant to its then-existing contractual relationship with SuperStock, Defendant obtained some and potentially all of Plaintiff's Copyrighted Works from Superstock.

12. On or about December 2, 2013, the Agreements between Plaintiff and SuperStock were terminated.

13. Section V(C) of each of the Agreements between Plaintiff and SuperStock provides: "SuperStock may continue to exercise the licensing rights granted herein for the following period after termination or expiration: (18) months . . . subject to all other relevant terms

and conditions of this Agreement, including license restrictions and payment to Contributor" (the "***Survival Term***"). Under this Section, Superstock's rights to make any use of the Copyrighted Works, and the rights of all sub-distributors to whom Superstock provided copies and/or access to copies of the Copyrighted Works, expired at the end of the Survival Term.

14. After the expiration of the Survival Term, Plaintiff discovered that SuperStock was continuing to use and profit from the Plaintiff's Copyrighted Work by and through, at a minimum, the continued reproduction, display and distribution of the Copyrighted Works on websites of sub-distributors with whom SuperStock worked. Accordingly, Plaintiff commenced a copyright infringement lawsuit against SuperStock in this Court on October 24, 2016, in which Plaintiff sought to hold SuperStock liable for all reproduction, display and distribution of the Copyrighted Works by and through those sub-distributors, among others, subsequent to the expiration of the Survival Term.

15. Plaintiff's copyright infringement lawsuit against SuperStock resulted in a Judgment in favor of Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure on January 31, 2018.

16. Upon information and belief, and based on representations of SuperStock made during the course of that lawsuit, Defendant was informed by SuperStock that Superstock's permission to reproduce, display, distribute, offer for license or otherwise use any of Plaintiff's Copyrighted Works had been terminated and the Copyrighted Works could no longer be reproduced, displayed or distributed by the Defendant.

17. On June 27, 2018, Plaintiff working with its counsel identified and downloaded screenshots evidencing Defendant's display and distribution of the Copyrighted Works on and

through its Website.  A copy of the screenshots created from Defendant's Website on June 27, 2018 is attached hereto as **Exhibit A**.

18. In **Exhibit B** attached to this Complaint, each of the 1,449 Copyrighted Works identified in the screenshots created on June 27, 2018 is depicted along with the photo number reference used by the Defendant to identify that image on its Website and the Certificate of Copyright Registration number applicable to the Plaintiff's registration of that photographic image with the Copyright Office.

19. On information and belief, Defendant continued to reproduce, display, distribute and offer "licenses" in Plaintiff's Copyrighted Works after June 27, 2018 and only removed them from display on its Website on a currently unknown date sometime after.

20. As depicted in the screenshots attached as **Exhibit A** to the Complaint, when displaying the Copyrighted Works on its Website for license to its customers, the Defendant provided and displayed false copyright management information – specifically, false credit to SuperStock as having the right to authorize Defendant to grant a so-called Rights Managed license in the Copyrighted Works, despite SuperStock having informed the Defendant before that date that it did not have such right.  Defendant provided this false copyright management information when displaying and distributing copies of the Copyrighted Works in order to induce, enable, facilitate, or conceal infringement of the Copyrighted Works, in violation of the Digital Millennium Copyright Act ("***DMCA***"), 17 U.S.C. § 1202, because the false copyright management information would cause potential licensees to believe that they could purchase a valid license to copy, download and use the Copyrighted Works from the Defendant's Website, although, in fact, they could not do so without violating Plaintiff's exclusive copyrights in the Copyrighted Work.

21. Plaintiff has registered the Copyright Works infringed by the Defendant with the United States Copyright Office, under Certificate of Registration numbers VA 1-736-729; VA 1-431-699; VA 1-436-430; VA 1-148-989; VA 1-218-595; VA 1-220-297; VA 1-232-596; VA 1-279-679; VA 1-298-833; VA 1-371-867; VA 1-430-430; VA 1-431-698; VA 1-431-699; VA 1-436-394; VA 1-436-430; VA 1-736-729; VA 990-646; VA-1-148-989; VA1-371-867; Vau 469-004; Vau 480-549; VAu 481-333; Vau 492-686; VAu 493-900; VAu 497-829; Vau 499-980; Vau 502-908; VAu 507-217; VAu 508-976; VAu 518-957; VAu 529-320; Vau 529-348; VAu 530-808; VAu 539-040; Vau 539-976; Vau 551-075; VAu 551-995; VAu 559-617; VAu 563-365; VAu 565-659; VAu 571-004; VAu 584-798; VAu 587-809; VAu 590-445; VAu 592-033; VAu 602-685; VAu 604-704; VAu 607-229; VAu 609-562; VAu 610-255; VAu 620-814; VAu 624-033; Vau 630-623; VAu 642-205; VAu 661-039; Vau 688-636; Vau 971-884.

22. Plaintiff is the exclusive owner of the copyrights in and to all of the Copyrighted Works, including without limitation, the exclusive right to sue for the infringement of, and DMCA violations relating to, the Copyrighted Works.

23. As of June 27, 2018 and continuing for a currently unknown period of time after, Defendant's reproduction, public display, distribution, and offering to license the Plaintiff's Copyrighted Works were without permission, authorization or license, and constituted willful infringements of Plaintiff's exclusive rights in the Copyrighted Works.

**FIRST CLAIM FOR RELIEF**
**Direct Copyright Infringement**
**(17 U.S.C. § 101 *et seq*.)**

24. Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

25. Each of the Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

Plaintiff is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Copyrighted Works.

26. As a result of its contractual relationship with SuperStock, Defendant had access to the Copyrighted Works prior to the commencement of its infringing conduct.

27. As of June 27, 2018 and continuing for a currently unknown period of time after, Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works was willful and deliberate and the result of Defendant's attempt to profit from the exploitation of its infringing reproduction, distribution, public display and holding out for license of the Copyrighted Works without paying the Plaintiff to obtain those rights.

28. Pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover statutory damages between $750 and $150,000 with respect to each of the 1,449 Copyrighted Works infringed, or an amount between $750 and $30,000 with respect to each of those Copyrighted Works should Defendant's infringement be found not to have been committed intentionally, pursuant to 17 U.S.C. § 504(c)(1).

29. Alternatively, at Plaintiff's election prior to entry of final judgment, Plaintiff is entitled to recover damages based on Plaintiff's actual damages suffered as a result of Defendant's infringements and the disgorgement of Defendant's profits attributable to its infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial.

30. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31. Defendant's conduct has caused and any future infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate

remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Copyrighted Works.

**SECOND CLAIM FOR RELIEF**
**Violation of the Digital Millennium Copyright Act**
**(17 U.S.C. § 1202)**

32. Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

33. Defendant has provided and displayed false copyright management information in connection with the reproduction, distribution, public display and holding out for license the 1,449 Copyrighted Works.

34. Defendant's use of false copyright management information provided in connection with the reproduction, distribution, public display and holding out for license of those Copyrighted Works was intended to induce, enable, facilitate, or conceal infringement infringement of Plaintiff's Copyrighted Works. The false copyright management information was intended to induce potential customers interested in acquiring a license to copy and use any of the Copyrighted Works to believe that Defendant was lawfully authorized to provide such rights in exchange for a license fee paid to the Defendant, as opposed to the Plaintiff.

35. The actions of Defendant constitute willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

36. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendant attributable to the violations, pursuant to 17 U.S.C. § 1202(c)(2). Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 for

each of Defendant's 1,449 violations of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B).

37.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

38.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)     A declaration that Defendant infringed Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

(b)     A declaration that Defendant's infringement was willful;

(c)     An audit of all Plaintiff's Copyrighted Works that were, at any time, transmitted or otherwise provided to Defendant by image file name, serial number, and any other identifying elements assigned either by Plaintiff or Defendant; all transactions by Defendant or entities authorized by Defendant related to the works; and the current disposition of the works;

(d)     An accounting of all revenues earned by Defendant as a result of its reproduction, distribution, display, sublicensing or other use or exploitation of the Copyrighted Works, or any portion of the Copyrighted Works, since June 1, 2018;

(e)     Awarding Plaintiff its actual damages and the disgorgement of the non-duplicative gains, profits, property and advantages obtained or derived by Defendant and its agents attributable to the acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory

damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), up to a maximum of $150,000 for each Copyrighted Work infringed should Defendant's infringement be found to be willful, or a maximum of $30,000 for each Copyrighted Work infringed should Defendant's infringement not be found to be willful;

  (f) A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal its infringement;

  (g) Awarding Plaintiff its actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendant from its acts of violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, statutory damages in an amount the Court shall deem proper between a minimum of $2,500 and a maximum of $25,000 for each violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B);

  (h) Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(4);

  (i) Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

  (j) Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendant from:

    (i) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied

            from any of Plaintiff's Copyright Works or to participate or assist in any such activity; and

    (ii)    directly or indirectly providing or distributing any false copyright management information in connection with, any of Plaintiff's Copyright Works.

(k)    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P. 38.

Dated: May 28, 2021

                Respectfully submitted,

                DUANE MORRIS LLP

                */s/ Julian A. Jackson-Fannin*
                Julian A. Jackson-Fannin, Esq.
                Florida Bar No. 93220
                201 South Biscayne Boulevard
                Suite 3400
                Miami, Florida 33131-4325
                Telephone: (305) 960-2253
                Facsimile: (305) 402-0544
                Email: jjfannin@duanemorris.com

Steven M. Cowley
(*Pro Hac Vice to be submitted*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
SMCowley@duanemorris.com

*Counsel for Plaintiff*
*Michael Grecco Productions, Inc.*